Leasing Control Inc. v 500 Fifth Ave., Inc. (2021 NY Slip Op 02462)





Leasing Control Inc. v 500 Fifth Ave., Inc.


2021 NY Slip Op 02462


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 650797/13, 150676/16 Appeal No. 13640-13640A Case No. 2020-00348, 2020-00500 

[*1]Leasing Control Inc., as Assignee of Firequench, Inc., Plaintiff-Appellant,
v
500 Fifth Avenue, Inc., et al., Defendants-Respondents.
Leasing Control Inc., as Assignee of Firequench, Inc., Plaintiff-Appellant,
v
500 Fifth Avenue, Inc. et al., Defendants-Respondents.


Ganfer Shore Leeds & Zauderer LLP, New York (Mark C. Zauderer of counsel) and Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York (Clifford A. Katz of counsel), for appellant.
Curtis, Mallet-Prevost, Colt & Mosle LLP, New York (Turner P. Smith of counsel), for respondents.



Orders, Supreme Court, New York County (Tanya R. Kennedy, J.), entered December 18, 2019 and December 20, 2019, which granted defendants' motions for summary judgment dismissing the complaints in both actions on grounds of champerty, unanimously affirmed, with costs.
The assignment of Firequench's claims against defendants to plaintiff was champertous (see Justinian Capital SPC v WestLB AG, N.Y. Branch, 28 NY3d 160, 165-166 [2016]; Judiciary Law § 489[1]). As plaintiff's president admitted during her deposition, the primary purpose of Firequench's assignment of its claims against defendants to plaintiff was for plaintiff to pursue litigation against defendants on the claims in exchange for a portion of the proceeds from the litigation (Justinian Capital SPC, 28 NY3d at 164-165). Plaintiff and Firequench had no pre-existing relationship and plaintiff had no pre-existing interest in the claim before the assignment (compare Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d 190, 200-201 [2009]). Instead, plaintiff was a shell company with no real assets, corporate structure, or operations, and it commenced litigation two days after the assignment (see Justinian Capital SPC, 28 NY3d at 165).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021